IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES T. COLE, Jr.,** | : | |
| | : | |
| **Petitioner,** | : | **CIVIL NO. 3:CV-06-1179** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **WARDEN OF ALLENWOOD,** | : | |
| | : | |
| **Respondent.** | : | |

## M E M O R A N D U M

### I.     Introduction

_____Petititioner, James T. Cole, Jr., a federal prisoner confined at the Allenwood Federal

Correctional Institution ("FCI-Allenwood") in White Deer, Pennsylvania, commenced this

_pro se_ action with a petition for writ of habeas corpus filed pursuant to the provisions of 28

U.S.C. § 2241.  The appropriate filing fee has been paid in full.  Respondent is the Warden

of Allenwood.  Petitioner challenges "his sentence/and or (sic) conviction pursuant to the

new ruling in _U.S. v. Booker_, 125 S.Ct. 738 (2005)."  (Doc. 1 at 9.)

### II.    Background

Petitioner was convicted in the United States District Court for the Eastern District of

Pennsylvania (E.D. Pa.) for the offenses of continuing criminal enterprise, conspiracy, and

criminal possession.  (Doc. 1 at 2.)  As a result of the conviction, Petitioner was sentenced

on February 18, 1994 to life imprisonment.  (_Id_.)  The conviction and sentence were upheld

in 1997 by the United States Court of Appeals for the Third Circuit.  (_Id_.)  Subsequently,

Petitioner filed two additional challenges to his conviction and/or sentence, and these

challenges were denied on August 24, 2001 and January 26, 2006, respectively.  (_Id_.)   The

instant petition ensued.  For the reasons that follow, the Court finds that § 2241 relief is

unavailable to Petitioner, and the Court will summarily dismiss the petition.

**III.   Discussion**

   **A.  Summary Dismissal of Habeas Petition**

   Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)  *Accord U.S. ex rel. DeCreti v. Wilson*, 967 F.Supp. 303 (N.D.Ill. 1997).  The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."  424 F.2d at 141.

   **B.  Unavailability of § 2241 Relief**

   Generally, a challenge to the validity of a federal conviction or sentence must be brought in a §2255 motion.  *See United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999).  Thus, the Petitioner's proper avenue of relief is a section 2255 motion, filed in the district court where he was convicted, *see United States v. Hatcher*, 76 F. Supp. 2d 604 (E.D. Pa. 1999), unless the Petitioner can show that the remedy under section 2255 would

be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255 (West

Supp. 2000); *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000).

The Third Circuit Court of Appeals has stated that such inadequacy or

ineffectiveness is present, thereby allowing a § 2241 petition to substitute for a § 2255

motion, only where it is established "'that some limitation of scope or procedure would

prevent a Section 2255 proceeding from affording the prisoner a full hearing and

adjudication of his claim of wrongful detention.'"  *Brooks*, *supra*, 230 F.3d at 648 (quoting

*United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)).  "It is the

inefficacy of the remedy, *not a personal inability to utilize it*, that is determinative . . . ."

*Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) (emphasis added).  Petitioner has the

burden of proving that section 2255 would be an inadequate or ineffective remedy, *Reyes-

Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (citing *Pack v. Yusuff*, 218

F.3d 448, 452 (5th Cir. 2000)), and section 2241 should not be used as a way of evading

the gatekeeping provisions of section 2255.  *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.

1997).

It does not matter whether Petitioner has sought permission to file a further § 2255

motion, and was denied, or he is simply assuming his inability to file a successive § 2255

motion from the specific language of the Code.  In either event, § 2255 is not inadequate or

ineffective merely because he is unable to meet the gatekeeping requirements of the

section.  *Dorsainvil*, 119 F.3d at 251.  If he has sought such permission, and been denied,

then the Court must dismiss the present petition under 28 U.S.C. § 2244(a).[1]  If permission

---

[1]28 U.S.C. § 2244(a) states:

"No circuit or district judge shall be required to entertain an

3

has not been sought, he would be required to do so under § 2244(b)(3)(A).[2]

Petitioner appears to claim that his federal sentence was improperly enhanced.  In support of his petition, he cites the United States Supreme Court's decision in *U.S. v. Booker*, 125 S.Ct. 738 (2005).  *Booker* reaffirmed *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Court held that any fact other than a prior conviction "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Apprendi*, 530 U.S. at 490.  However, a new rule of criminal procedure will not apply "to those cases which have become final before the new [rule is] announced,"  *Teague v. Lane*, 489 U.S. 288, 310 (1989), unless the new rule applies retroactively.  Although the Third Circuit Court of Appeals has stated that the *Apprendi* line of cases, "of which Booker is surely one" *Lloyd v. U.S.*, 407 F.3d 608, 612 n. 2 (3d Cir. May 17, 2005), announced a new rule of criminal procedure, the Supreme Court has not made a ruling that *Apprendi* or *Booker* may be applied retroactively.  Since the cases may not presently be applied retroactively to cases on collateral review, this Court is precluded from doing so.  *See U.S. v. Pinkston*, 153 F.Supp.2d 557 (M.D. Pa. 2001).  At best, Petitioner has only demonstrated a personal inability to utilize the § 2255 remedy

---

application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in Section 2255."

[2]28 U.S.C. § 2244(b)(3)(A) states:
     "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

again, because of the gatekeeping provisions in that section.[3]  Nothing in the instant

petition alters the Court's conclusion that he has failed to establish the inadequacy or

ineffectiveness of the remedy.  Since section 2255 was not inadequate or ineffective to test

the legality of Petitioner's detention or sentence, the Court will dismiss this 2241 petition

under Rule 4 of the Rules Governing Section 2254 Cases in the United States District

Courts.   An appropriate order follows.


Dated: June 23, 2006.                               /s/ A. Richard Caputo
                                                    A. RICHARD CAPUTO
                                                    United States District Judge

---

[3]28 U.S.C. § 2255 states in pertinent part:
        "A second or successive motion must be certified as provided in
section 2244 by a panel of the appropriate court of appeals to contain —
        (1)  newly discovered evidence . . . or
        (2)  a new rule of constitutional law, made retroactive to cases on
        collateral review by the Supreme Court . . . ."

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JAMES T. COLE, Jr.,**                              :
                                                      :
                          **Petitioner,**             :          **CIVIL NO. 3:CV-06-1179**
                                                      :
        **v.**                                        :          **(Judge Caputo)**
                                                      :
**WARDEN OF ALLENWOOD,**                              :
                                                      :
                          **Respondent.**             :

## O R D E R

**AND NOW, THIS 23ʳᵈ DAY OF JUNE, 2006,** in accordance with the foregoing

memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) is

**DISMISSED** without prejudice to any right Petitioner may have to move the

appropriate court of appeals for an order authorizing the district court to consider a

successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A).

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a certificate of appealability.


                          _____  /s/ A. Richard Caputo_____
_____                                      A. RICHARD CAPUTO
                                            United States District Judge